**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MALINDA JOHNSON**                                                                                                **PLAINTIFF**

**VERSUS**                                                                       **CIVIL ACTION NO. 2:03CV227-P-A**

**DAVIDSON LADDERS, INC., and
LOUISVILLE LADDER GROUP, LLC**                                       **DEFENDANTS**

**ORDER**

This cause is before the Court on the plaintiffs' Application for Review of the May 4, 2005 Order Striking the Plaintiffs' Opposing Affidavit [251-1]. The Court, having reviewed the application for review, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

An appeal from a magistrate's ruling on a non-dispositive motion, pursuant to the authority granted in 28 U.S.C. § 636(b)(1), is considered under the "clearly erroneous" standard. This standard has been described as "extremely deferential." Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D.Minn.1999). Under the "clearly erroneous" standard, the district court cannot disturb a factual finding of the magistrate judge "unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Smith v. Smith, 154 F.R.D. 661, 665 (N.D. Tex. 1994)(quoting Resolution Trust Corporation v. Sands, 151 F.R.D. 616, 619 (N.D.Tex.1993)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirely," the district judge may not reverse it. Id. When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must

demonstrate that the magistrate judge erred in some respect in his legal conclusions. Id.

Plaintiffs ask this Court to vacate Magistrate Judge Allan Alexander's May 4, 2005 Order granting the defendant's Motion to Strike a supplemental expert opinion by plaintiff's expert L.D. Ryan.

The deadline for designation of plaintiff's experts was July 7, 2004. The supplemental report is in the form of an affidavit executed by L.D. Ryan and submitted as an exhibit to plaintiff's response to the defendant's Motion for Summary Judgment on February 15, 2005. Louisville Ladder responded by filing a Motion to Strike on February 25, 2005.

Ryan's affidavit included a number of new opinions apparently intended to support plaintiff's claim for punitive damages based on gross negligence. Among the newly disclosed opinions were the following:

1. Louisville Ladder's failure to tie the vertical load test to the racking test in order to determine how much the "strength" of the ladder is decreased as a result of racking demonstrated an indifference to consumer safety;

2. Louisville Ladder intentionally designed the subject ladder to rack excessively, thereby demonstrating an indifferent to consumer safety;

3. Louiseville Ladder knowingly ignored alleged inadequacies in the ANSI standard;

4. Louisville Ladder knowingly ignored the obvious danger of climbing a stepladder with just three of the four legs on the ground;

5. Louisville Ladder failed to examine and test failed ladders;

6. Louisville Ladder tested or produced a document relating to the amount of racking to the load carrying capacity of a standard stepladder; and

7. Louisville Ladder's methods of quality control are inadequate.

As attorneys in this district should well know, expert designations are due with a party's *initial* disclosures, if available, and *at the latest* by the designation deadline. Not only does the Rule so state, but because of past failures to comply with this requirement, the assigned magistrate judge now specifically emphasizes that requirement at every case management conference. Untimely designation or supplementation is only appropriate upon a showing of "good cause." Uniform Local Rule 26.1(A)(2)(e). The Fifth Circuit has given district courts a set of

> four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness.

Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir. 1998) (citing Bradley v. United States, 866 F.2d 120, 124 (5th Cir. 1989) (citation omitted)).

Plaintiffs characterize Ryan's affidavit as a "clarification" of his previously disclosed opinions. They maintain that they should be allowed to submit the affidavit since Louisville Ladder submitted its' expert's affidavit in support of the pending dispositive motion.

Defendant, by contrast, urges that the affidavit is an effort to recast Ryan's testimony to support plaintiff's punitive damages claim. The Court concludes that the latter explanation is the most credible. Plaintiffs failed to identify any new records or information which would prompt Ryal's new opinions. The supplemental affidavit offering the new opinion was made only after Louisville Ladder filed a dispositive motion based on the lack of proof to support plaintiffs' punitive damages claim. A new expert affidavit which is submitted to rebut a summary judgment motion should be stricken if the new opinions differ from the earlier Rule 26 report. Brumley v. Pfizer, Inc.,

3

200 F.R.D. 596, 603 (S. D. Tex. 2001) (striking supplemental expert report expressing new opinions and submitted after the discovery deadline).

The prejudice to the defendant is substantial. Notably absent from Ryal's initial report is any suggestion that Louisville Ladder acted with negligence, much less gross negligence, in the design and manufacture of the subject ladder. Ryals gave his deposition on July 20, 2004; he offered no opinions to support the plaintiff's punitive damages claim at that time. Louisville Ladder would need to re-depose Ryals to explore his opinions on the issues of negligence and gross negligence, would need to supplement its own expert opinions and possibly retain additional experts to rebut the claim, and would need to submit additional written discovery on the new claim. Discovery ended on September 21, 2004, the pretrial conference has been held and the trial is set for August 22, 2005. Although a lengthy continuance could mitigate the prejudice to the defendant, that is not required. Where other factors support striking an expert's supplemental opinions, then a district court is not required to grant a continuance. Robbins v. Ryan's Family Steakhouse East, Inc., 223 F.R.D. 448, 454 (S.D. Miss. 2004).

As recognized by the Fifth Circuit in Sierra Club v. Cedar Point Oil Co., Inc., [t]he purpose of rebuttal and supplementary disclosures is just that–to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." 73 f.3d 546, 572 (5th Cir. 1996). That admonition is particularly compelling in this case. The facts and circumstances in this case do not justify allowing Ryal's untimely opinions; Magistrate Judge Alexander did not err in ordering that his supplemental affidavit be stricken.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs' objections to the Magistrate's May 4, 2005 Order Striking the Plaintiffs' Opposing Affidavit [251-1] are not well-taken and should be, and hereby are, OVERRULED. IT IS FURTHER ORDERED that the Magistrate's Order is hereby AFFIRMED in all respects.

SO ORDERED, this the 3rd day of August, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE